KELLY *v.* HORTON.

No. 9738.   DECEMBER 16, 1933.

*Jay & Garden, W. S. Mann,* and *McDonald & McDonald,* for plaintiff.

*C. L. Bass, Hal Lawson,* and *W. H. Lasseter,* for defendant.

RUSSELL, C. J.   Kelly brought suit in the nature of a quo warranto, alleging that he was elected ordinary of Ben Hill County in the general election of 1932, had been commissioned as such by the Governor, and qualified as required by law, but that Horton was still exercising the duties of ordinary and refused to surrender the office or the appurtenances thereof.   The case was tried before a special jury; and at the conclusion of the evidence the court directed a verdict in favor of Horton.   Kelly did not make a motion for a new trial, but brought the case to this court by direct bill of exceptions, in which he assigned error on the direction of the verdict, and on the admission of certain evidence over his objection, and on the rejection of certain testimony.   After a careful examination of the record, we are of the opinion that the court erred in directing the verdict; for it seems to be quite plain that there were issues of fact which should have been submitted to the jury, and indeed the record presents issues as to which doubt must arise. The only question at issue in this case is whether Kelly, by reason of nonpayment of taxes, was disqualified to hold the office of ordinary to which he was chosen by the majority of voters in the general election of 1932.   That he was the choice of those voting in the election for ordinary is admitted.   The commission issued by the

Governor, and his qualification by taking the prescribed oath, gives Kelly a prima facie case entitling him to exercise the duties of the office. The prima facie presumption in Kelly's favor is not conclusive; for, as has several times been ruled, the courts may "look behind" a commission and ascertain who is really entitled to the office. But this presumption, making a prima facie case unless it be rebutted, raises an issue whenever it is sought to rebut the presumption. The prima facie presumption in favor of him who has received the majority of votes in an election may in some instances be rebutted by the law. This occurs whenever a commission is issued for a term of tenure different from that prescribed by statute. In the case before us, however, the answer of the defendant raises only a question of fact. It is admitted that prima facie Kelly is entitled to the office; but Horton contends that Kelly is barred from exercising the duties thereof, because he was disqualified by reason of the fact that he was a tax defaulter, not having paid all taxes which had been required of him by law—hence not a qualified voter, and therefore not qualified to hold a county office. It is true this imposes on the respondent the proof of a negative—proof that Kelly has *not* paid the taxes. In this case there is not only the presumption arising from the commission issued to Kelly, but also the general presumption that men will do their duty and not violate the law, and both these presumptions must be rebutted by evidence that will satisfy a jury by a preponderance of evidence— not that Kelly *may* be disqualified, but that Kelly has not paid his taxes. The burden of proof that Kelly has not paid his taxes is upon the respondent, who asserts it as the sole ground of Kelly's disqualification. In the circumstances, the burden of proof may be shifted, or it may not be shifted; and it is for a jury, and not for a court, to determine at what stage the burden of proof may be said to be shifted, if shifted at all, and at what point it becomes incumbent upon the party upon whom the burden is shifted to introduce evidence in rebuttal and relieve himself of the burden cast upon him. In a number of cases this court has held that the tenure of one who had a commission was fixed as a matter of law by statute, and was therefore a matter of law addressed solely to the court; but in this case, while it is settled as matter of law that one who is a defaulting taxpayer is not qualified to hold a county office, the question whether such an one is a tax defaulter is to be

determined by facts capable of proof, and issues of fact are solely for the determination of a jury.` In addition to the presumptions to which we have referred, Kelly testified positively that he had paid all taxes that had been required of him. We do not think · that this can be termed merely opinionative evidence. It is the statement of a fact resting peculiarly within the knowledge of the witness—a statement as to which if he testified falsely and knowingly he would be subject to indictment for perjury, and a statement which the jury would be authorized to believe unless *in their opinion* this testimony was impeached or discredited. The fact that a witness might not be able to testify how, or when, or where, or to whom he paid his taxes might tend to discredit his statement. A jury might refuse altogether to believe this testimony, if they considered it unreasonable or incredible; but courts are not empowered, in trials submitted to a jury, to sift the testimony of a witness for the purpose either of discrediting or impeaching it. In addition to the testimony of Kelly, the witness Millican testified that he saw some tax receipts in a file in the office where Millican and Kelly were employed, and the witness Snowden testified that Kelly had some papers which were burned or destroyed about January, 1932. So we are of the opinion that the learned trial judge erred in directing the verdict instead of submitting all the evidence illustrating the single question whether the petitioner was disqualified by nonpayment of taxes.

In our opinion the judge committed no error in admitting the oral and documentary evidence of which complaint is made in the second, third, fourth, fifth, and sixth assignments of error. We are of the opinion that the court erred in refusing to admit the evidence as complained in the seventh, eighth, and ninth assignments of error. The evidence being in direct conflict on the question whether Kelly had or had not paid his taxes, it seems to us that any circumstances which would illustrate the respective contentions of the parties would be admissible.

*Judgment reversed. All the Justices concur, except Hill, J., absent because of illness.*